# IN THE UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF COLORADO

Case No. 17-cv-03057-DDD

GAGANDEEP SINGH,

    Petitioner,

v.

WILLIAM BARR,[1] in his capacity as Attorney General of the United States,
JEFFREY LYNCH, in his capacity as Field Office Director of ICE in Colorado,
KEVIN MCALEENAN, in his capacity as Secretary of Homeland Security,
JOHNNY CHOATE, in his capacity as Warden of GEO Aurora ICE Detention,
JASON MIKESELL, in his capacity as Teller County Sheriff,

    Respondents.

## ORDER

This matter is before the Court on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., Doc. 6.) Petitioner Gagandeep Singh entered the United States illegally and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. In his campaign to

---

[1] William Barr became the Became the Attorney General and Kevin McAleenan became the Secretary of Homeland Security during the pendency of this action. Pursuant to Federal Rule of Civil Procedure 25(d), these parties are automatically substituted for Jeff Sessions and Kirstjen Nielsen as the defendants in this suit.

Even so, the Court notes that the only proper Respondent in a habeas corpus action is the Petitioner's custodian. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *see also Jimenez v. State of Utah*, 665 F. App'x 657, 658 n.2 (10th Cir. 2016) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973)).

remain in this country, he has proceeded through an immigration judge, the Board of Immigration Appeals, the United States Court of Appeals for the Tenth Circuit, and previously through this Court. He now renews his Petition here. For the reasons that follow, the Court **DENIES** the Petition with prejudice.

I.  BACKGROUND

The facts are not in dispute, and many of them have been previously addressed by the Court.[2] Petitioner Gagandeep Singh, a native and citizen of India, contends he was "forced to flee India due to the persecution he suffered on the basis of his religion (Petitioner is a Sikh while the predominant religion in India is Hinduism); political opinion, and membership in a particular social group." (*Id.* ¶¶ 10–11.) On November 3, 2015, he entered the United States at the port of entry in Nogales, Arizona. (*Id.* ¶10.) On November 4, 2015, the Department of Homeland Security (DHS) issued him a notice to appear, "charging him as removable pursuant

---

[2] As discussed below, this is Singh's second petition to obtain a writ of habeas corpus here. *See Singh v. Sessions*, No. 17-CV-1324-WJM-KMT, 2017 WL 3397337 (D. Colo. Aug. 8, 2017).

Following the filing of the instant Petition, Judge Christine M. Arguello, to whom this case was initially assigned, ordered Respondents to file a statement regarding their position, which they did on March 6, 2018. (Doc. 12; Doc. 14.) Judge Arguello further permitted Singh to file a reply within fourteen days of that response. (Doc. 12.) More than a year has passed since Respondents filed their response, with no reply by Singh. After this matter was reassigned upon the undersigned's appointment, Singh filed a document styled a "Status Report," which is essentially a slightly updated version of his Petition. (*Compare* Doc. 6 *with* Doc. 16.) But notably, even in this "Status Report," Singh does not dispute any facts contained in the response or the affidavit of the supervising detention and deportation officer attached thereto. (*See* Doc. 14, at 17–19.) Therefore, the factual content contained therein remains unrebutted.

2

to section 8 U.S.C. § 1182(a)(7)(A)(i)(I)" of the Immigration and Nationality Act.[3] (*Id.* ¶ 12.) On November 13, 2015, Singh was transferred to the Immigration and Customs Enforcement (ICE) contract detention facility in Aurora, Colorado, where he remains to this day.[4] (Pet. Resp. at 17, Doc. 14; Doc. 16 ¶ 8.)

Following continuances at Singh's request, he had a hearing on the merits of his pleas for asylum, withholding of removal, and pursuant to the Convention Against Torture[5] on September 26 and October 6, 2016, in front of an immigration judge. (Pet. ¶ 15; Pet. Resp. at 17.) On November 8, 2016, the immigration judge found Singh's testimony not credible, denied his requests, and ordered his removal back to India. (Pet. ¶ 16; Pet. Resp. at 17.) Singh sought Board of Immigration Appeals (BIA) review of the denial, but on April 26, 2017, the BIA dismissed the appeal, finding that the immigration judge's decision was not made in clear error. (Pet. ¶ 17.) On May 17, 2017, Singh appealed the BIA's decision by filing a petition for review with the United States Court of Appeals for the Tenth Circuit.

---

[3] That provision states: "Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission--(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible." 8 U.S.C. § 1182(a)(7)(A)(i)(I).

[4] According to the truncated communication attached to the "Status Report," ICE continues its attempt to deport Singh, but as of March 21, 2019, "[he] was not able to be removed." (Doc. 16-1.)

[5] Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Apr. 18, 1988, 1465 U.N.T.S. 85.

3

Simultaneously, he filed an emergency petition to stay deportation pending that appeal. (*Id.* ¶ 18–19; Pet. Resp. at 18.) On May 22, 2017, the Tenth Circuit denied the stay (Pet. Resp. at 18), and on January 8, 2018, it formally denied Singh's petition for review. *Singh v. Sessions*, 712 F. App'x 819, 824 (10th Cir. 2018). In doing so, the Tenth Circuit made clear it would not undermine the decisions below:

> We uphold the adverse credibility ruling. The [immigration judge] gave specific, cogent, and detailed reasons. And the BIA highlighted many of the inconsistencies, omissions and embellishments that the [immigration judge] identified. No reasonable adjudicator would be compelled to reach a different conclusion.

*Id.* The circuit court also noted that the parties agreed that Singh was not entitled to relief on any of his claims in the absence of credible testimony. *Id.*

Both before and after the Tenth Circuit's denials of the stay, on at least fifteen separate occasions, Singh refused to complete an application for travel documents for submission to the Consulate of India. (Pet. Resp. at 18.) On June 30 and October 10, 2017, he was served with formal notices of failure to comply pursuant to 8 C.F.R. § 241.4(g). (*Id.* at 18–19.) As of March 6, 2018, according to ICE, India will not repatriate Singh until he completes an application for travel documents. ICE maintains that there are no additional impediments to Singh's deportation other than his noncompliance with this process. (*Id.* at 19.)

While the Tenth Circuit decision denying review remained pending, Singh filed an initial petition for habeas corpus in this Court, challenging his detention under 8 U.S.C. §§ 1226 and 1231 (hereinafter, Section 1226 and Section 1231). *See generally Singh v. Sessions*, No. 17-CV-1324-WJM-KMT, 2017 WL 3397337 (D.

4

Colo. Aug. 8, 2017) (hereinafter, *Singh I*). In that matter, the Court found Singh's Section 1226 claim to be moot because his removal was administratively final per the decision of the BIA, and Respondents' authority for detention was therefore governed by Section 1231. *Id.* at *2–*3. Further, the Court found that his claims under Section 1231 were not ripe because his detention of three months following his final order of removal was well within the presumptively reasonable six-month time-period announced by the Supreme Court. *Id.* at *3–*4 (discussing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Therefore, on August 8, 2017, the Court dismissed the petition without prejudice as premature and permitted Singh to re-file at the close of the six-month period. *Id.* at *4.

## II. STANDARD OF REVIEW

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (finding district court properly exercised jurisdiction over alien's habeas petition challenging his continued detention without bond or a bond hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687–88). "[F]or habeas petitions challenging present physical confinement, jurisdiction lies only in one

district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2002); *see also United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Because Petitioner is detained in Aurora, Colorado, his Section 2241 Petition was filed properly in this Court.

## III. ANALYSIS

Singh's renewed Petition is substantively identical to the one previously denied by the Court.[6] (*Compare* Pet. *with Singh I*, No. 1:17-cv-01324, at Doc. 1.) He again claims "substantive due process," "procedural due process," and statutory violations, and seeks his immediate release from custody, enjoinment of further detention, and attorney's fees and costs. (Pet. at 16–17.) Since his initial petition, only two circumstances have changed: (1) the Tenth Circuit has denied his petition for review of the immigration judge's decision, and (2) more than six months have passed since his April 26, 2017 order of removal became administratively final.[7]

---

[6] The changes include updating Respondents' names and the length of Singh's detention. However, the causes of action and the way they are stated remains identical.

[7] As a threshold matter, Respondents submit that Singh still has recourse to additional administrative review under 8 C.F.R. § 241.13 and his Petition should therefore be denied under the doctrine of administrative exhaustion. This Court has, however, previously declined to find that its jurisdiction over aliens already ordered to be removed turns upon exhaustion of that post-order administrative process. *See Quintana Casillas v. Sessions*, No. CV 17-01039-DME-CBS, 2017 WL 3088346, at *8 (D. Colo. July 20, 2017) ("This court concludes that exhaustion of 8 C.F.R. § 241.13 is not a jurisdictional prerequisite for the petition in this case."). While courts have prudentially declined to hear habeas corpus petitions when a petitioner failed to invoke 8 C.F.R. § 241.13, Singh has proceeded for years without doing so, has twice filed identical habeas corpus petitions in this Court, and it is unlikely that the merits of the instant Petition

6

Initially, the Court has already found that Singh is not being detained pursuant to Section 1226, but Section 1231. *See Singh I*, 2017 WL 3397337, at *2 (outlining that Section 1231 governs detention of aliens ordered removed, while the Section 1226 pre-removal period terminates upon the immigration court's removal decision). Therefore, even though the Petition again submits that Singh's "continued detention under 8 U.S.C. § 1226(c)" is unlawful and unconstitutional, the only cognizable reading of the Petition is a proffering that his confinement pursuant to Section 1231 is statutorily unsound or represents an as-applied violation of his constitutional rights.

Section 1231 governs the detention, release, and removal of aliens ordered removed. 8 U.S.C. § 1231(a)(1)(A). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The removal period is usually ninety days, but

> [t]he removal period shall be extended beyond a period of 90 days and the alien *may remain in detention* during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C) (emphasis supplied); *see also* 8 C.F.R. § 241.4(g) (requiring service of a notice of failure to comply). This provision precisely addresses the

---

would be any different should the Court pause to provide him a third opportunity to return here. Therefore, the Court will not exercise its prudential prerogative to decline to address the Petition now.

7

situation here: Per this statute, Singh may remain in detention so long as he refuses to sign his travel documents.

The Supreme Court has, though, "read significant limitations into [ ] immigration statutes in order to avoid their constitutional invalidation" that warrant the Court's attention. *Zadvydas*, 533 U.S. at 689. In *Zadvydas*, the Supreme Court considered, but rejected, the government's argument that the absence of detention time limits in Section 1231 leaves to the Attorney General's absolute discretion the length of time for which an alien may be held. *Id.* at 688–92. Considering the Fifth Amendment Due Process Clause's liberty protections, and noting that removal proceedings are civil in nature, the Supreme Court concluded that the Constitution demands that once six months have passed after an order of removal becomes administratively final,

> if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701. Thus, "the onus is on the alien to 'provide[ ] good reason to believe that there is no [such] likelihood' before 'the Government must respond with evidence sufficient to rebut that showing.'" *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (quoting *Zadvydas*, 533 U.S. at 701).

8

Observing the guidance provided in *Zadvydas*, the Tenth Circuit has addressed a claim of "indefinite detention" in circumstances similar to this case. *See Abiodun v. Mukasey*, 264 F. App'x 726 (10th Cir. 2008). There, an alien who had been in federal custody for more than three years and was awaiting final deportation to Nigeria appealed the district court's denial of his petition for habeas corpus. *Id.* at 729. In finding that the petitioner was not entitled to relief, the Circuit specifically highlighted the petitioner's refusal to cooperate with ICE's attempts to obtain necessary travel documents and the failure to show that he would not otherwise be accepted by his homeland of Nigeria. *Id.* at 729. There, as here, ICE officials were actively seeking petitioner's removal and "there [was] no indication they [would] not succeed." *Id.* Although the petitioner had been detained for longer than six months, that fact standing alone simply did not raise the specter of indefinite detention. *Id.*; *see also Soberanes*, 388 F.3d at 1311 (upholding continued detention of deportable alien after more than two years of confinement); *Adefemi v. Gonzales*, 228 F. App'x 415, 416 (5th Cir. 2007) (per curiam; cited in *Abiodun*) (same).

Considering the burden-shifting framework contained in these authorities, Singh has failed to make a showing of entitlement to the relief he requests. His removal period began on April 26, 2017, the date the order of removal became administratively final. *See Singh I*, 2017 WL 3397337, at *2. Singh first states that his presumptive six-month removal period ended May 3, 2016, and additionally submits that he is not a flight risk, danger to the community, and his appearance at

9

future court hearings could be ensured by a reasonable bond. But these contentions are immaterial. Under *Zadvydas*, even after the passage of six months, the only relevant consideration is whether Singh has shown the absence of a significant likelihood of his removal in the reasonably foreseeable future.

The Petition's sole allegation on the subject is that his "removal to India, or any other country, is not significantly likely to occur in the reasonably foreseeable future as he just filed a petition for review of his case with the Tenth Circuit on May 17, 2017."[8] So now that the Tenth Circuit has finished its review, Singh's only stated impediment to removal has been eliminated. And, as in *Abiodun* but unlike *Zadvydas*, there is no showing that India would not receive Singh, and his continued detention is of his own doing. Even though the burden has not shifted to the government, ICE has provided the Court with testamentary evidence of Singh's refusal to complete necessary travel documents and forms on at least fifteen occasions. ICE has submitted data showing that it accomplished more than 350 removals to India in 2016 alone. Even though he was expressly provided an opportunity, Singh has not contradicted ICE's contentions.[9] As in *Abiodun*, while the inability of ICE to remove Singh in a timely manner is troubling, the Court finds no reason to believe the government is will not succeed in doing so in the

---

[8] The "Status Report" drops the stated reason of the pending Tenth Circuit ruling and states only: "Petitioner's removal to India, or any other country, is not significantly likely to occur in the reasonably foreseeable future." (Doc. 16 ¶ 42.)

[9] *See* note 2, *supra.*

reasonably foreseeable future where the only apparent hurdle to it is his own refusal to cooperate.

Citing a detainee's right to a custody hearing before an impartial adjudicator, Singh also argues he was subject to an "erroneous interpretation of the law" by the immigration judge and BIA. But there is no question that Singh has had meaningful opportunities to demonstrate the merits of his claim for asylum. To the extent the Petition questions the findings or neutrality of the immigration courts, this Court is satisfied that the Tenth Circuit's thorough opinion approving of those decisions and denying him further review closes the book on that issue. *See Singh v. Sessions*, 712 F. App'x at 824. While the Petition facially sounds in constitutional violations, Singh has not provided any showing of a violation of a constitutional or statutory right that is cognizable in this proceeding.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Singh's application for writ of habeas corpus (Doc. 6) and **DISMISSES** the Petition **WITH PREJUDICE**. Singh's June 11, 2019 "motion for status of Petition" (Doc. 17) is **DENIED** as moot.

Dated: June 12, 2019.

                                                                   BY THE COURT:

                                                                   */s/ Daniel D. Domenico*
                                                                   Daniel D. Domenico
                                                                   United States District Judge